**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GALLIENNE NABILA, et. al.,

Plaintiff,

v.

335 MULBERRY STREET CORP. d/b/a NEPTUNES BAR & GRILLE a/k/a NEPTUNE,

Defendant.

Civil Action No. 26-01341 (SRC)

**OPINION & ORDER**

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff's motion for default judgment as to Defendant 335 Mulberry Corp. d/b/a Neptunes Bar & Grille a/k/a Neptune ("Defendant" or "335 Mulberry") ("Defendant"). For the following reasons, the motion will be granted.

On February 10, 2026, Plaintiff filed a Complaint against Defendants, asserting three claims. On February 15, 2026, Plaintiff filed proofs of personal service to Defendants, followed by a request for entry of default on May 28, 2026. The Clerk of the Court entered default against Defendant. Plaintiff now moves for default judgment against Defendant on all six claims.

On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as true. "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Damages must still be proven.

The Complaint alleges, in brief, that Defendant operating a night club in Newark, New

Jersey and used images of Plaintiffs in its advertisements for the night club. Plaintiffs allege that Defendant misappropriated and intentionally altered these images to suggest that Plaintiffs were affiliated with the night club. Plaintiffs assert that these appearances were false and that they lacked knowledge of the images, did not consent to Defendant's use, and received no remuneration from Defendant.

Count I of the Complaint asserts a claim for false association, which is a violation of § 43 of the Lantham Act, based on Defendant's use of the images of Plaintiffs in its promotional material. Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Defendant is liable to Plaintiffs for false association.

Count II of the Complaint asserts a claim for false advertising, which is a violation of § 43 of the Lanham Act, based on Defendant's use of the images of Plaintiffs in its promotional material. Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Defendant is liable to Plaintiffs for false advertising.

Count III of the Complaint asserts a claim for misappropriation of likeness, based on Defendant's use of the images of Plaintiffs in its promotional material. Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Defendant is liable to Plaintiffs for misappropriation of likeness.

Count IV of the Complaint asserts a claim for unfair competition and false endorsement under N.J.S.A. 56:4-1, *et. seq.*, based on Defendant's use of the images of Plaintiffs in its promotional material. Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Defendant is liable to Plaintiffs for unfair competition and false endorsement.

Count V of the Complaint asserts a claim for negligence and respondeat superior, based on Defendant's use of images of Plaintiffs in its promotional material. Taking as true the well-

pleaded factual allegations in the Complaint, the Court finds that Defendant is liable to Plaintiffs for negligence and respondeat superior.

Count VI of the Complaint asserts a claim for unjust enrichment, based on the Defendant's use of images of Plaintiffs in its promotional material. Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Defendant is liable to Plaintiffs for unjust enrichment.

Because Defendant, has defaulted, this Court finds that the allegations in the Complaint as to liability on each of the three claims are determined to be true. The motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against Defendants shall be entered.

This leaves the question of relief. Plaintiffs' Complaint seeks damages not readily computable. This Court cannot issue a declaratory judgment for a sum certain when the damages have not yet been proven "to a reasonable degree of certainty." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993). Plaintiffs have not yet met this standard, so the question of damages shall be referred to the Magistrate Judge for determination at a proof hearing. Plaintiff also seeks injunctive relief, which request this Court grants, and Defendant is enjoined from using the images of Plaintiffs in its promotional material.

**IT IS** on this 20th day of October, 2026,

**ORDERED** that Plaintiff's motion for entry of default judgment (Docket Entry No. 9), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED**, and Judgment by default in favor of Plaintiff is hereby entered on all six claims in the Complaint against Defendant; and it is further

**ORDERED** that the matter of judgment damages shall be referred to the Magistrate

Judge for a proof hearing; and it is further

**ORDERED** that Defendant is enjoined from using the images of Plaintiff in its promotional material.

s/ Stanley R. Chesler
Stanley R. Chesler
United States District judge